IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DETRICK CULLUM**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:14-cv-00012-SMY-PMF |
| | ) |
| **SALVATORE GODINEZ, et al.**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is defendant Dennis Tarr's motion for summary judgment (Doc. No. 68). The motion is opposed (Doc. No. 72). Plaintiff Detrick Cullum is proceeding against Tarr on a First Amendment retaliation claim. Specifically, he alleges that he exercised his First Amendment right to file litigation against one of Tarr's coworkers and friend in November, 2012, and that Tarr retaliated by issuing a false disciplinary report on July 11, 2013. Tarr contends that Cullum cannot prove the elements of his claim or that he is entitled to judgment in his favor on the qualified immunity defense.

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

To prevail on his First Amendment retaliation claim, Cullum must prove these elements: (1) that he engaged in activity protected by the First Amendment, (2) that he suffered a deprivation likely to deter future First Amendment activity, and (3) a causal connection between the two. On the third element, the burden of proof is divided among the parties. Initially,

plaintiff must show that the defendant's conduct was a motivating factor of the plaintiff's injury. The defendant can rebut an inference of retaliatory motive by showing that the harm would have occurred anyway. *Mays v. Springborn*, 719 F.3d 631, 634 (7th Cir. 2013); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

### I.     Protected First Amendment Activity

Tarr seems to suggest that Cullum's speech was not protected by the First Amendment (Doc. No. 69, p. 10).  Cullum can show that he has prior civil rights litigation against Browder, identified as a friend and coworker of Tarr's.  The Court takes judicial notice that Cullum's litigation against Browder began in November, 2012, and continued through January, 2016. Cullum's effort to obtain a judicial remedy during this period is sufficient to satisfy this element of proof.

### II.    Deprivation Likely to Deter Future First Amendment Activity

On July 11, 2013, Tarr issued an incident report accusing Cullum of violating several disciplinary rules.  The charges falsely reported that Cullum uttered a threat.  In reality, Cullum told Tarr to give him a grievance so he can "handle this harassment bullshit." (Doc. No. 69-1, pp. 16-17, 20).  This occurred within a week or two of Tarr making a pointed remark condemning Cullum's litigation.  At that time, Tarr warned Cullum that he was going to make it hard on himself.  As a result of the false incident report, Cullum spent 30 days in a segregation unit, lost gym and yard privileges for 30 days, lost access to commissary privileges for 30 days, had his grade level demoted to C-grade, and lost some personal items.  Viewing these facts in plaintiff's favor and from the perspective of a person of "ordinary firmness," the cumulative deprivation was sufficiently harsh to deter future First Amendment activity.  See *Pieczynski v. Duffy*, 875 F.2d 1331, 1333 (7th Cir. 1989)(this element of proof is judged by an objective standard).

### III.     Litigation as a Motivating Factor

The facts support a reasonable inference that Tarr's false statements on the incident report were motivated by a desire to retaliate for Cullum's lawsuit.  Tarr argues that he was only motivated by a desire to enforce prison disciplinary rules forbidding threats and intimidation, such that he would have written the incident report even if Cullum had not filed a lawsuit against Browder.  This argument is persuasive only if facts reflecting on the motive for Tarr's decision to issue an incident report are viewed in Tarr's favor, and inferences are drawn in his favor.  At this phase, the Court accepts Cullum's version of events and draws reasonable inferences in Cullum's favor.  So viewed, the events are sufficient to satisfy Cullum's burden on the third element of his retaliation claim.

### IV.     Qualified Immunity

Tarr seeks a decision granting him qualified immunity, suggesting the absence of evidence of a retaliatory motive and no closely-analogous case to put him on notice that his conduct violated the law.  In considering whether a defendant is entitled to qualified immunity on the § 1983 claim, the Court considers (1) whether the defendant violated plaintiff's constitutional rights and (2) whether that right was clearly established at the time of the violation.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

As noted above, plaintiff can present facts permitting a reasonable inference of retaliation for protected First Amendment activity.  Cullum's right to be free from retaliation for exercising his First Amendment right to litigate about prison conditions was well established in July, 2013.  *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978).   The qualified immunity defense lacks merit.

## V. Conclusion

Defendant Dennis Tarr's motion for summary judgment (Doc. No. 68) is DENIED.

**IT IS SO ORDERED.**

**DATED:  January 25, 2016**

<u> s/ Staci M. Yandle</u>
**STACI M. YANDLE
DISTRICT JUDGE**